UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:   JESSE MENDOZA, SR.,                                                    No. 18-10836-j13

       Debtor.

---

JESSE MENDOZA, SR.,

      Plaintiff,

v.                                                                                     Adversary No. 25-1043-j

UNITED STATES OF AMERICA
through its agency INTERNAL
REVENUE SERVICE,

      Defendant.

### **MEMORANDUM OPINION**

THIS MATTER is before the Court on the Defendant's Motion to Dismiss Plaintiff's

Complaint for Damages for Violation of 11 U.S.C. § 524 ("Motion to Dismiss" – Doc. 8),

alleging that dismissal is required because Plaintiff has asserted a claim for damages against the

Internal Revenue Service ("IRS")[1] without first exhausting his administrative remedies under 26

U.S.C. § 7433. Plaintiff opposes the Motion to Dismiss, asserting that he is merely seeking to

enforce the discharge he received in his chapter 13 case, and that 26 U.S.C. § 7433 does not

prevent Plaintiff from filing this adversary proceeding. *See* Plaintiff Jesse Mendoza's Response

in Opposition to Defendant's Motion to Dismiss ("Response" – Doc. 13). For the reasons stated

below, the Court will grant the Motion to Dismiss unless Plaintiff timely files a motion to amend

the complaint proposing to file an amended complaint that does not include a claim for damages.

---

[1] Technically, the claim is against the United States. The Court nevertheless will sometimes refer to the
IRS instead of the United States.

# PROCEDURAL HISTORY

Plaintiff initiated this adversary proceeding by filing a Complaint for Damages for Violation of 11 U.S.C. § 524[2] ("Complaint") on December 9, 2025. (Doc. 1). Plaintiff served the Complaint on Defendant United States of America through its agency, IRS, on December 17, 2025 (Doc. 3), and by supplemental service on the local civil process clerk of the Office of the United States Attorney, on December 29, 2025. (Doc. 4). On motion by the IRS, and with Plaintiff's approval, the Court extended the time for IRS to file an answer or otherwise respond to the Complaint through January 30, 2026. *See* Docs. 6 and 7. IRS timely filed the Motion to Dismiss on January 26, 2026. (Doc. 8).

By Stipulated Order Extending Deadline (Doc. 11) entered on February 18, 2026, the parties agreed to extend the deadline for Plaintiff to respond to the Motion to Dismiss to March 2, 2026. Plaintiff filed his Response to the Motion to Dismiss on February 27, 2026. (Doc. 13).

The Complaint alleges that Plaintiff had paid in full the taxes the IRS is seeking to collect after Plaintiff was granted a discharge, and that by seeking collect the taxes the IRS has violated the discharge injunction under § 524 thereby damaging Plaintiff. In the prayer for relief, Plaintiff asks the Court "to enter judgment in his favor and against the IRS for an award of actual damages, punitive damages and his costs and reasonable attorney's fees in an amount to be determined at trial."

On March 2, 2026, Plaintiff filed an Amended Complaint for Damages for Violation of 11 U.S.C. § 524 ("Amended Complaint" – Doc. 14). Plaintiff did not file a motion for leave to file

---

[2] Except for references to 26 U.S.C. § 7433 or any of its subsections or subparagraphs, future references to "section(s)," "§" or "§§" are references to section(s) of Title 11 of the United States Code, known as the United States Bankruptcy Code.

the Amended Complaint before filing the Amended Complaint. IRS filed a Notice of Completion of Briefing of Motion to Dismiss (Doc. 15) on March 12, 2026.

DISCUSSION

*Motion to Dismiss Standards*

The IRS requests the Court to dismiss the Complaint based on Plaintiff's failure to exhaust his administrative remedies with the IRS prior to filing the Complaint. Although the Motion to Dismiss does not identify Fed. R. Civ. P. 12(b), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012, as the basis for its motion, it appears that IRS seeks dismissal of the Complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6) ("[A] party may assert the following defenses by motion . . . failure to state a claim upon which relief can be granted"). The Court will therefore treat the Motion to Dismiss as a motion under Fed. R. Civ. P. 12(b)(6). *See Pointer v. United States (In re Pointer),* 510 B.R. 433, 434 n.1 (Bankr. M.D. Ga. 2014) ("A motion to dismiss for failure to exhaust administrative remedies is treated as a motion to dismiss under Rule 12(b)." (citing *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008))).

Under Rule 12(b)(6), the Court tests the sufficiency of the complaint by treating all well-pleaded facts as true and making all reasonable inferences therefrom in favor of the party opposing dismissal. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) ("[A]ll well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." (quoting *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999))); *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."). "[D]ismissal . . . is appropriate

-3-

if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citing *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010)).

*The Amended Complaint does not render the Motion to Dismiss moot*

Ordinarily an amended complaint supersedes the original complaint. *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("[An] amended complaint supersedes the original complaint and renders the original complaint of no legal effect." However, by filing an untimely Amended Complaint without leave of court, Plaintiff did not comply with the requirements of Fed. R. Civ. P. 15, made applicable to adversary proceedings by Fed. R. Bankr. P. 7015. Thus, the Amended Complaint does not supersede the Complaint or prevent the Court from ruling on the Motion to Dismiss. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("Because [plaintiff's] amended complaint was not properly filed pursuant to Rule 15, it had no legal effect and did not supersede his original complaint.").

Rule 15 allows a party to file an amended pleading:

> [O]nce as a matter of course no later than:
> (A) 21 days after serving it; or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule directs the Court to "freely give leave when justice so requires." *Id.*

IRS filed and served its Motion to Dismiss on Plaintiff on January 26, 2026. Plaintiff filed the Amended Complaint on March 2, 2026, more than 21 days after service of the Motion

to Dismiss. The Stipulated Order extending the deadline for Plaintiff to file the Response to the Motion to Dismiss through March 2, 2026, did not also extend the deadline for Plaintiff to file an Amended Complaint as of right. Plaintiff did not file a motion for leave to file the Amended Complaint. The Amended Complaint, therefore, does not supersede the Complaint and does not render the Motion to Dismiss moot.

*Whether Debtor was required to exhaust administrative remedies before filing the Complaint*

IRS contends that 26 U.S.C. § 7433 prevents Plaintiff from filing a complaint in this Court seeking damages against the IRS for violation of the discharge injunction unless Plaintiff first exhausts his administrative remedies. Section 7433(e) of Title 26 authorizes a taxpayer to petition the bankruptcy court to recover damages against the United States if an officer or employee of the IRS willfully violates of the automatic stay or the discharge injunction under the Bankruptcy Code. It provides:

**(e) Actions for violations of certain bankruptcy procedures.—**
**(1) In general.—**If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.

26 U.S.C. § 7433(e).

Subsection (d) of 26 U.S.C. § 7433 contains an exhaustion of remedies requirement. It provides:

**(d) Limitations.**—
**(1) Requirement that administrative remedies be exhausted.**—A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

26 U.S.C. § 7433(d).

Subsection (b) of 26 U.S.C. § 7433, referenced in 26 U.S.C. § 7433(d), outlines the

damages a taxpayer may recover. It provides:

> **(b) Damages.**—In any action brought under subsection (a) or petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000 in the case of negligence) or the sum of—
> **(1)** actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and
> **(2)** the costs of the action.

26 U.S.C. § 7433(b).

Notwithstanding these provisions, Plaintiff asserts that he is not required to exhaust

administrative remedies with the IRS before seeking relief in this Court because 26 U.S.C.

§ 7433(e)(2) provides that claims brought under 26 U.S.C. § 7433(e) for violation of the

automatic stay and/or the discharge injunction are the exclusive remedy for recovering damages

against the IRS on such claims. That subsection provides:

> **(2) Remedy to be exclusive—**
>
> **(A) In general.**—Except as provided in subparagraph (B), notwithstanding section 105 of such title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.
>
> **(B) Certain other actions permitted.**—Subparagraph (A) shall not apply to an action under section 362(h) of such title 11 for a violation of a stay provided by section 362 of such title; except that—
> **(i)** administrative and litigation costs in connection with such action may only be awarded under section 7430; and
> **(ii)** administrative costs may be awarded only if incurred on or after the date that the bankruptcy petition is filed.

26 U.S.C. § 7433(e)(2).[3]

---

[3] Section 7433(e)(2)(B) is not applicable. Plaintiff has not asserted a claim for damages for violation of the automatic stay under § 362.

Plaintiff reasons that he is not seeking damages under 26 U.S.C. § 7433(b)[4] but instead is seeking relief from the Bankruptcy Court under § 7433(e)(1); and because § 7433(e)(2)(A) provides that relief from the Bankruptcy Court under § 7433(e)(1) is the "exclusive remedy" for filing a damages claim against the IRS for violation of the discharge injunction, he is not required to exhaust administrative remedies before seeking relief from the bankruptcy court. Plaintiff construes the "exclusive remedy" language of § 7433(e)(2) as mandating that he assert his claims in bankruptcy court. And because Plaintiff is *required* to assert his claim for violation of the discharge injunction against the IRS in this Court, Plaintiff asserts he is not required to exhaust administrative remedies before filing this adversary proceeding. Plaintiff acknowledges that § 7433(d) has an exhaustion of administrative remedies requirement but argues that it does not apply because he is proceeding under subsection (e), which does not itself contain an exhaustion of remedies requirement.

There is support for Debtor's position that § 7433 does not require that Plaintiff exhaust administrative remedies before asserting a claim against the IRS in this Court to recover damages for violation of the discharge injunction. In *In re Graham,* No. 99-26549-DHA, 2003 WL 21224773 (Bankr. E.D. Va. Apr. 11, 2003), the bankruptcy court concluded that § 7433(e) does not require a debtor to exhaust administrative remedies before asserting a damages claim for violation of the discharge injunction in bankruptcy court, provided the debtor proceeds under § 7433(e). The *Graham* court reasoned as follows:

> 26 U.S.C. § 7433(e)(2)(A) states that the exclusive remedy for recovering damages for violations of the Bankruptcy Code is to petition the bankruptcy court. There is no mention in 26 U.S.C. § 7433(e), the section devoted exclusively to bankruptcy violations, of the need to exhaust administrative remedies. The language is in fact quite clear[.] [A] petition to the bankruptcy court is the *exclusive* remedy for the violation of Bankruptcy Code provisions.

---

[4] Future references to 26 U.S.C. § 7433 will be to § 7433.

*Graham*, 2003 WL 21224733, at *2.[5] Other Courts have reached the same conclusion.[6]

However, a majority of courts considering the issue have ruled to the contrary, holding that § 7433(d)(1) requires a debtor to exhaust administrative remedies before asserting a damages claim against the IRS in bankruptcy court for violation of the discharge injunction, because subsection (e) is limited by both subsections (b) and (d).[7]

This Court agrees with the majority view that a debtor who petitions the bankruptcy court under § 7433(e) to recover damages against the IRS for alleged violations of the discharge injunction must first exhaust his or her administrative remedies within the IRS. The Court begins its analysis by examining how damages are sought in bankruptcy court for violation of the discharge injunction or violation of the automatic stay in general, and with respect to the IRS in particular (absent § 7433). The Court will then examine the effect of § 7433 on how damages

---

[5] The *Graham* Court also held that litigation costs can only be awarded under 26 U.S.C. § 7430, which "requires that before a judgment of litigation costs may be awarded by any court, the debtors must have exhausted all of the administrative remedies available to them within the Internal Revenue Service." *Graham*, 2003 WL 21224773, at *2. Because debtors had not exhausted their administrative remedies, they were not entitled to litigation costs. *Id.*

[6] *In re Jha*, 461 B.R. 611, 625 (Bankr. N.D. Cal. 2011) (reasoning that because "[t]here is no mention in 26 U.S.C. § 7433(e), the section devoted exclusively to bankruptcy violations, of the need to exhaust administrative remedies" a debtor need not exhaust administrative remedies before seeking relief before the bankruptcy court); *Johnston v. IRS (In re Johnston),* Adv. No. 2:08-ap-00290-SSC, 2010 WL 1254882, at *5 (Bankr.D.Ariz.2010) ("[B]ecause of the exclusive remedy language of Section 7433(e)(2)(A), Section 7433(d), which purports to require that no judgment for damages may be obtained in any court for unauthorized collection actions by the IRS against a taxpayer unless the debtor/taxpayer has exhausted his or her administrative remedies, does not apply to a debtor seeking relief under Section 7433(e)(2)(A)"), *rev'd, on other grounds*, No. 2:01-BK-06221 SSC, 2014 WL 5797644 (D. Ariz. Sept. 25, 2014).

[7] *See, e.g.*, *Kovacs v. United States*, 614 F.3d 666, 673-74 (7th Cir. 2010) ("Because [§ 7433(e)(1)] is the 'exclusive' remedy to taxpayers, prior to recovering for a willful violation of 11 U.S.C. § 524, a party must comply with the [exhaustion of remedies] requirements of 28 U.S.C. § 7433 that may divest a bankruptcy court of jurisdiction."); *Kuhl v. United States*, 467 F.3d 145, 147 (2nd Cir. 2006) (per curiam) ("[A]fter exhausting administrative remedies, the taxpayer may petition the bankruptcy court for damages [for violation of the discharge injunction]."); *In re Thal*, No. 09-12434-LMI, 2018 WL 2182304, at *8 (Bankr. S.D. Fla. May 9, 2018) ("[T]he *Jha* court disregarded the clear cross-references in 26 U.S.C. § 7433."); *Wallis v. IRS (In re Wallis)*, No. 08-11081 HRT, 2014 WL 5801438, at *4 (Bankr. D. Colo. Nov. 7, 2014) ("A party seeking damages under § 7433(e)—the exclusive remedy for IRS's willful violation of the discharge injunction—must exhaust administrative remedies before a recovery of damages may be had in the bankruptcy court."); *Pointer*, 510 B.R. at 438 (holding that debtors must exhaust their administrative remedies before bringing suit in the bankruptcy court to recover damages from the IRS).

against the IRS can be sought in bankruptcy court for alleged violations of the discharge injunction and the automatic stay.

In general, an action to recover damages for violation of the discharge injunction under § 524, or an action by a non-individual for violation of the automatic stay under § 362, can only be brought under § 105(a).[8] An action to recover damages by an individual injured by a willful violation of the automatic stay can be brought under § 362(k), which itself contains a damages provision.[9] Absent § 7433, a debtor could assert an action against the IRS for violation of the discharge injunction or for willful violation of the automatic stay because of the abrogation of

[8] This is because there is no provision in the Bankruptcy Code providing a specific remedy for violation of the discharge injunction under § 524(a) or for a non-individual seeking a remedy for violation of the automatic stay. A party asserting a violation of the discharge injunction must invoke the bankruptcy court's contempt powers under § 105(a). *E.g. Taggart v. Lorenzen*, 587 U.S. 554, 560 (2019); *Paul v. Inglehart (In re Paul)*, 534 F.3d 1303, 1306 (10th Cir. 2008) ("Under 11 U.S.C. § 105(a), bankruptcy courts have the equitable power to enforce and remedy violations of substantive provisions of the Bankruptcy Code, including in particular the discharge injunction in § 524(a)(2)" (citations omitted)); *Peyrano v. Sotelo (In re Peyrano)*, BAP No. EO-16-032, 2017 WL 2731299, at *6 (10th Cir. BAP June 26, 2017) ("Although § 524 does not expressly create a cause of action for damages, . . . under § 105(a), 'bankruptcy courts have the equitable power to enforce and remedy violations of . . . § 524(a)(2)'" (quoting *Paul*, 534 F.3d at 130-08); *In re Martin*, 474 B.R. 789 (6th Cir. BAP 2012) (unpublished) (same); *Duby v. United States (In re Duby)*, 451 B.R. 664, 670 (1st Cir. BAP 2011), *aff'd*, No. 11-9006, 2012 WL 12552111 (1st Cir. Apr. 17, 2012) (same); *In re Nash*, 464 B.R. 874, 880 (9th Cir. BAP 2012) ("A party that knowingly violates the discharge injunction can be held in contempt under § 105(a)." (citations omitted)).

Section 362(k) only applies to "individuals" injured by a willful violation of the automatic stay, which courts have interpreted to mean only "natural persons." *In re Hassan*, No. 04-20332-7, 2010 WL 5348761, at *7 (Bankr. D. Kan. Dec. 21, 2010) (agreeing "with the First, Second, Eighth, Ninth, and Eleventh Circuits and the Tenth Circuit BAP that 'individual' in § 362(k)(1) refers only to natural persons, and not to corporations, partnerships or other artificial entities"). A corporate debtor can recover damages for a violation of the automatic stay under § 105(a*). See, e.g.*, *Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.)*, 346 F.3d 1, 8 (1st Cir. 2003); *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1553 (11th Cir. 1996); *In re H Granados Commc'ns, Inc.*, 503 B.R. 726, 733 (9th Cir. BAP 2013); *In re Rafter Seven Ranches L.P.*, 414 B.R. 722, 733 (10th Cir. BAP 2009).

[9] Section 362(k) provides that "[e]xcept as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." § 362(k)(1) Paragraph (2) limits damages to actual damages in certain circumstances. § 362(k)(2).

sovereign immunity by the United States under § 106(a) with respect to §§ 105 and 362.[10] Such abrogation of sovereign immunity by the IRS does not extend to punitive damages.[11]

Section 7433 changes how §§ 105(a) and 362(k) operate with respect to the IRS. A taxpayer may bring an action under § 7433(e) by petitioning the bankruptcy court to recover damages against the United States if an officer or employee of the IRS willfully violates the discharge injunction or the automatic stay. However, a taxpayer cannot rely on § 105 to seek damages against the IRS for violation of the discharge injunction or for willful violation of the automatic stay because § 7433 expressly excepts § 105 from its operation.

Subsection 7433(e)(1) provides that a "taxpayer may petition the bankruptcy court to recover damages against the United States" if an officer or employee of the IRS willfully violates the § 362 automatic stay or willfully violates the § 524 discharge injunction. Subparagraph (e)(2)(A) of § 7433 provides that such petition shall be the "exclusive remedy," "notwithstanding § 105" of the Bankruptcy Code.[12] The language "notwithstanding § 105" means that an action to recover damages from the IRS for violation of the discharge injunction (or an action by a non-individual to recover damages from the IRS for violation of the automatic stay)[13] must be brought under § 7433(e) and cannot be brought under § 105,[14] even though § 105 would

---

[10] Section 106(a) abrogates sovereign immunity as to a governmental unit with respect to, among other things, §§ 105 and 362, subject to the limitations set forth in other sections of §106. Section 101(27) defines "governmental unit" to include the United States.

[11] Section 106(a)(3) provides that the abrogation of sovereign immunity extends to a "judgment awarding a money recovery, but not including an award of punitive damages."

[12] Section 7433(e)(2)(A) provides:

> Except as provided in subparagraph (B), notwithstanding section 105 of such title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.

[13] *See* n. 8, *supra.*

[14] *Wallis*, 2014 WL 5801438 at *3 ("The remedy for the IRS's willful violation of the discharge injunction lies not in civil contempt proceedings [under § 105(a)] but under [section 7433(e) of] the Internal Revenue Code.").

-10-

otherwise be the exclusive remedy to recover damages for violation of the discharge injunction in bankruptcy court (or for violation of the automatic stay asserted by non-individual debtors).[15]

Subparagraph (e)(2)(B) of § 7433(e) carves out actions for willful violation of the automatic stay under § 362(h) (now § 362(k)) from the "exclusive remedy" provision in subparagraph (e)(2)(A). Thus, subparagraph (B) permits an action to recover damages against the United States under § 363(h) (now § 363(k)) by an individual who is injured because an officer or employee of the IRS willfully violated the automatic stay (with certain limitations relating to administrative and litigation costs)[16] in lieu of or in addition to a petition under § 7433(e)(1).[17] In other words, an individual seeking damages against the United States (IRS) for willful violation of the automatic stay may either file an action in the bankruptcy court under § 362(k) *or* petition the bankruptcy court under § 7433(e)(1). The exhaustion of administrative remedies requirement of § 7433(d)(1) applies only to actions under § 7433(e)(1) and not to actions under § 362(k). As a result, because of the carveout in subparagraph (e)(2)(B), except for administrative and litigation

---

[15] *See* n.8, *supra.*

[16] Section 7433(e)(2)(B)(i) provides that "administrative and litigation costs in connection with such an action may only be awarded under section 7430." Section § 7430 has an exhaustion of remedies requirement. *See* 26 U.S.C. § 7430(b)(1) ("A judgment for reasonable litigation costs shall not be awarded . . . unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service.").

[17] *See Denton v. United States (In re Denton)*, No. 23-80938-PRT, 2024 WL 5251904, at *4 (Bankr. E.D. Okla. Dec. 30, 2024) (observing that the "carveout for § 362(k) actions suggests to this Court that petitions for damages for willful violations of the stay do not have to be brought pursuant to § 7433").

costs,[18] an individual can file an action against the IRS for damages for willful violation of the automatic stay under § 362(k) without first exhausting administrative remedies.[19]

This is not the case for violations of the discharge injunction, which is not included in the carveout in subparagraph (e)(2)(B), and is subject to an exhaustion of remedies requirement. By cross-referencing subsection 7433(e), subsection 7433(b) specifies the damages recoverable in any petition to the bankruptcy court brought under subsection (e). Subsection 7433(d), in turn, cross-references subsection (b), providing that a "judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." As a result of the cross references in subsection (d) to subsection (b) and in subsection (b) to subsection (e), a judgment for damages under subsection (b) for violation of the discharge injunction awarded on a petition filed with the bankruptcy court brought under subsection (e) shall not be awarded under subsection (b) unless the plaintiff has exhausted the administrative remedies available to such plaintiff within the IRS as required by subsection (d).[20]

The exclusive remedy language in subparagraph (A) of subsection 7433(e)(2) means that a petition before the bankruptcy court under subsection (e) is the exclusive *judicial* remedy to recover damages for violation of the discharge injunction. The exclusive remedy language does

---

[18] *Denton*, 2024 WL 5251904, at *4 ("[I]f an action is brought under § 362(k), administrative and litigation costs may only be awarded under § 7430 of the Internal Revenue Code. Section 7430 provides that a prevailing party . . . may be awarded a judgment for reasonable costs and attorney fees, but only after the prevailing party has 'exhausted the administrative remedies available to such party within the Internal Revenue Service.'" (quoting 26 U.S.C. § 7430(b)(1))). *See also* § 7433(e)(2)(B)(i) (providing that "administrative and litigation costs in such an action [under § 362(h), (now § 362(k), for violation of the automatic stay] may only be awarded under section 7430[.]").

[19] *Denton*, 2024 WL 5251904, at *3 (observing that the exhaustion of administrative remedies requirement "may not apply to actions seeking damages under § 362, because there is a carveout for actions brought pursuant to § 362(k).").

[20] *Kovacs,* 614 F.3d at 673-74; *In re Thal*, 2018 WL 2182304, at *8.

-12-

not negate the exhaustion of administrative remedies requirement of § 7433(d). Thus, a petition to the bankruptcy court under § 7433(e)(2)(A) to recover damages against the United States for violation of the discharge injunction is the exclusive remedy, but only *after* the taxpayer has exhausted administrative remedies.[21]

Here, the Complaint seeks an award of actual damages, punitive damages, costs, and reasonable attorneys' fees against the United States based on an alleged violation of the discharge injunction by the IRS. *See* Complaint, pp. 2- 3. Such damages claims can only be asserted in this Court after Plaintiff has exhausted his administrative remedies with the IRS.[22] Plaintiff has not satisfied the exhaustion of remedies requirement.

Plaintiff has not even alleged that he has exhausted administrative remedies available within the IRS. The only allegation in the Complaint, which this Court must accept true, is that "Plaintiff has reached out to counsel for the IRS and directly to the IRS in an attempt to resolve this matter informally, thus far without success." Complaint, ¶ 14. An informal request does not comply with the exhaustion requirements set forth in the regulations relating to § 7433.[23]

---

[21] *See Kight v. Dep't of Treasury (In re Kight),* 460 B.R. 555, 565 (Bankr. M.D. Fla. 2011) ("While § 7433(e) is the exclusive remedy available to a debtor to redress violations of the discharge injunction by the IRS, such remedy is not available to taxpayers unless they first exhaust their administrative remedies with the IRS." (citations omitted)); *In re Lowthorp*, 332 B.R. 656, 660 (Bankr. M.D. Fla. 2005) ("[W]hile the bankruptcy court is the proper and exclusive venue to consider bankruptcy violations, the Debtors were required to first exhaust their administrative remedies, and the failure to so is a bar to recovery . . . ." (citation omitted)); *Thal*, 2018 WL 2182304, at *8 (concluding that a debtor seeking damages for violation of the discharge injunction "must make any claim to the bankruptcy court, not the district court, [but] the claim can only be made after exhaustion of administrative remedies").
[22] The Court is not suggesting that Plaintiff can recover punitive damages against the IRS even if Plaintiff has first exhausted administrative remedies. *See* § 106(a)(3).
[23] *See* 25 C.F.R. § 301.7433-2(e) (outlining the procedures for filing an administrative claim to be "sent in writing to the Chief, Local Insolvency Unit, for the judicial district in which the taxpayer filed the underlying bankruptcy case giving rise to the alleged violation"). *See also Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 113 (3d Cir. 2017) ("To exhaust such [administrative] remedies, the taxpayer must submit an administrative claim to the appropriate representative, which includes, among other things, the dollar amount of the claim, a description of the injuries the taxpayer sustained, and the taxpayer's contact information." (citing 26 C.F.R. § 301.7433(e)(1)-(2))).

Because Plaintiff has not demonstrated that he has exhausted his administrative remedies, the Complaint, which seeks damages against the IRS for alleged violations of the discharge injunction, is subject to dismissal. *See Wallis*, 2014 WL 5801438 at *4 (dismissing plaintiff's claim for damages based on IRS's alleged violation of the discharge injunction for failure to state a claim because exhaustion of remedies is an essential element of the claim that plaintiff failed to plead). However, before dismissing Plaintiff's claims the Court will give Plaintiff an opportunity to file an amended complaint that does not include a claim for damages against the IRS for violation of the discharge injunction.

The Amended Complaint reiterates Plaintiff's request for damages and adds a request for the Court to "enter an injunction enforcing § 524 against the IRS to require it to cease all collection activity against Plaintiff for discharged taxes." Amended Complaint, p. 3. A request to enforce the discharge injunction under § 524 that merely seeks injunctive relief and does not include a request for damages does not implicate § 7433, and, thus, would not require Plaintiff to exhaust administrative remedies before filing a complaint in this Court seeking only to enjoin IRS from further collection efforts.[24] Thus, Plaintiff could file an amended complaint seeking to enforce the discharge injunction that asserts claims not subject to the exhaustion of remedies requirement. But the Court cannot consider the Amended Complaint because Plaintiff has not obtained permission from this Court to file it as required under Fed. R. Civ. P. 15.

---

[24] *See In re Moore*, No. 08-40118-JTL, 2013 WL 4017936, at *4 (Bankr. M.D. Ga. Aug. 6, 2013) (recognizing that a debtor who "seeks only a finding that the IRS violated the discharge injunction and an order compelling the IRS to cease collection activities" is "not petitioning [the bankruptcy court] under § 7433(e) . . . . which presupposes someone seeking damages"); *Thal*, 2018 WL 2182304, at *4 (citing *Moore* with approval and holding that nothing in 26 U.S.C. § 7430 or § 7433 affects the court's ability to determine whether the IRS must return money improperly taken in payment of discharged taxes, order the return of such funds, and require IRS to stop any further collection efforts).

-14-

Based on the foregoing, the Court will grant the Motion to Dismiss unless the Plaintiff timely files a motion for leave to file an amended complaint that does not include a claim for damages against the IRS for violation of the discharge injunction.

The Court will enter a separate order consistent with this Memorandum Opinion.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: May 5, 2026

COPY TO:

Michael K. Daniels
Attorney for Plaintiff
1400 Guaymas PL NE
Albuquerque, NM87110

Grieta Gilchrist
Attorney for Defendant
DOJ-USAO
201 Third Street NW, Suite 900
Albuquerque, NM 87102